**RECEIVED**

**DEC 2 7 2019**

**BY MAIL**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

_Eastern_ **DIVISION**

)
)
)
*(Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.)* )

QUINCY VAUGH N#1061978
v.                          Plaintiff

THOMAS A. Gullett, COI
John Doe Weir, COI
John Doe Pacheco
                    et.al

)
)
)
)
)
)
)
)
*(Write the full name of each defendant. The caption* )
*must include the names of **all** of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.)* )

Case No: 4:19-cv-02566-JAR
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
 [X]  Yes  [  ]  No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

# I. The Parties to this Complaint

## A. The Plaintiff

Name: Quincy Vaughn

Other names you have used: _____

Prisoner Registration Number: 1081978

Current Institution: _____

Indicate your prisoner status:

| ☐ Pretrial detainee | ☒ Convicted and sentenced state prisoner |
| ☐ Civilly committed detainee | ☐ Convicted and sentenced federal prisoner |
| ☐ Immigration detainee | ☐ Other (explain): _____ |

## B. The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: Thomas A. Gullett,

Job or Title: Than a Correctional Officer II

Badge/Shield Number: •

Employer: SHDOC / Eastern Recoption Diagnostic Center
2727 Plaza Drive, P.B. Box 2365 Jetterson City, MO 65102/

Address: 2727 Highway K, Bonne Terre, MO 63626

☒ Individual Capacity     ☐ Official Capacity

c☰ Thomas A. Gullett

On September 5, 2014 the above
correctional officer assaulted my person
while I was handcuffed to the back (with
my hands behind my back) The stated officer
was conducting an improper strip out or
attempting to ~~perhaps~~ to conduct a strip
out while I was in a single pair of hand-
cuffs. This officer was summoned to 2D|14
by c☰ Pacheco attempting to mother. It
seem as if I was refusing his directives
to strip out, when in all actuality this
was a impossible task. At this moment
co☰ Gullett gave me a directive to strip
out. However, I can't comply with this
directive because my hands are cuffed
behind my back. Gullett than gives
me a directive to put " my nose on
the wall. I complied. The stated officer
than stepped towards me (Pacheco
and Weir are just standing there
watching the situation unfold. Weir
is standing inside the cell at the door
way and Pacheco is standing next to
Weir) and grabbed my pants and
boxers all in one motion and aggressively
begans to jank them down. I
stepped away from him and stated
thats a P.R.E.A because a c.o. is never
suppose to put his hands on a inmate
during a routine strip out. Co☰ Gullett
than states thats not a P.R.E.A.
Without another word he smashes

my face into the concrete wall, than he picked me up and body slams me face 1st into the concrete floor of my cell.

The officers actions were excessive in nature in violation of the Missouri's Constitution Bill of Rights Section 21 and the U.S. Constitutions 8th Amendment rights which states " excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment imposed, nor cruel and unusual punishment inflicted. C.O. Gullett is also in violation of RSMO (2016) 217.405 and 217.410 (1)(2)(3)(4)(5)(6)(7)(8)(9)(10)

Note: This incident took place during the same time as defendant 2 and 3 on September 5, 2018 and same place.

**Defendant** ✗

Name: John Woe Pacheco

Job or Title: Correctional Officer

Badge/Shield Number: __N/A__

Employer: Eastern Reception Diagnostic Center /MDOC

Address: 2727 Highway K, Bonne Terre, Missouri 63626   2729 Plaza Drive Drive, P.O. Box 236, Jefferson City MO 65102

☒ Individual Capacity          ☐ Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1.   What happened to you?
2.   When did it happen?
3.   Where did it happen?
4.   What injuries did you suffer?
5.   What did each defendant personally do, or fail to do, to harm you?



3

Defendant #2

John Doe CSI Pacheco

CSI Pacheco was Present before the assault took place on my Person by CSI Gullett, and witnessed the entire assault but did nothing to Stop Gullett in his excessive actions. In fact, after the assault was complete and I layed bloody and unconscious on the floor of cell (2014) Pacheco helped CSI Gullett disrobe me and further contaminate the crime scene, while I was unconscious. While I was unconscious it is Possible CSI Pacheco assaulted me as well. Bell v. Lombardi, 2016 U.S. DIS LEXIS 6820 clearly establishes that officers have a duty to Stop their fellow co-worker from engaging in Prisoner abuse. The fact that CSI Pacheco stood by at the very least and watched Gullett comm it force which was excessive violates Missouri's Constitution Bill Of Rights Section 21 and the U.S. Constitutions 8th Amendment right to be free from cruel and unusual punishment. This officer is also in violation of RSMO (2016) 217.405 and 217.410 (1)(2)(3)(4)(5)(6)(7)(8)(9)(10)

Note: This incident took Place at the same time on September 5, 2018 as defendant 1 and defendant 3

# RIGHTS VIOLATED

All defendants named herein
this amended complaint shall
or should satisfy F@d. R. Civ. P.
20(a)(2) which all defendants
were present at the time the incident
took place, and were either directly
responsible for the excessive use
of force or indirectly responsible
as a matter of law. See Bellvs.
Lombardi, 2016 u.s. Dis LEXIS.
The defendants are in violation
of Missouri's Constitution Bill of
Rights section 21 and the U.S.
Constitutions, 8th Amendment right
to be free from cruel and unusual
punishment. These officers are also
in violation of RSMO (2016)
chapter 217.405 and 217.410(1)(2)(3)
(4)(5)(6)(7)(8)(9)(10)

COII Tyler Weir

This officer was present before the assault took place on my person by COII Gullett and witnessed the entire assault but did nothing to stop Gullett in his excessive actions. In facts after the assault was complete and I laid bloody and unconscious on the floor of cell (2D114). Weir helped COII Gullett disrobe me and further contaminate the crime scene while I was unconscious. While I was unconscious it is possible COI Weir assaulted me to as well. Bell v. Lombardi, 2016 U.S. Dis LEXIS have a duty to stop their fellow co-worker from engaging in prisoner abuse. The fact that COI Weir stood by at the very least and watched Gullett committ force which was excessive violates Missouri's Constitution Bill of Rights section 21 and the U.S. Constitutions 8th Amendment right to be free from cruel and unusual punishment. This officer is also in violation of RSMO (2016) 217.405 and 217.410 (1)(2)(3)(4)(5)(6)(7)(8)(9)(10)

Note: This incident took place at the sametime on September 5, 2018 as defendant 1 and 2 and same place

## III.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The injuries I sustained was a broken nose (directly in the center of the nose where the nose begans), a fracture on the right side of my nose, a tri-fracture directly under the right side of my right eye, and my right cheekbone was literally shattered with multiple fractures. As a result of these injuries I needed extensive surgery to correct the listed damages. I also had a metal plate placed in my face where the tri-fracture was fixed to hold the bones in my eye together. It was said the plate will be there permently. I was also diagnosed with P.T.S.D due to such a trouma and am recieving no outside counseling which is very much needed.

## IV.   Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages.

I am requesting $3,000,000.00 in Punitive damages. I am requesting another $600,000.00 in pain and suffering/ emotional and psychological distress injuries. I am also seeking injunctive relief. If the court can mediate some type of out of court settlement I'd be open to that. Last I would like the court to issue an order to the prison to mandate I recieve "counseling" sessions" from an outside therapist.

## V.   Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other
correctional facility?

[X] Yes         [ ] No

If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

Eastern Reception Diagnostic Center

B.   Does the jail, prison or other correctional facility where your claim(s) arose have
a grievance procedure?

[X] Yes         [ ] No         [ ] Do not know

C.   If yes, does the grievance procedure at the jail, prison or other correctional facility
where your claim(s) arose cover some or all of your claims?

[X] Yes         [ ] No         [ ] Do not know

5

If yes, which claim(s)?

It covers my claims of excessive use of force which is a violation of Missouri's Constitution Bill of Rights section 21 and the U.S. Constitutions 8th. amendment right which states "excessive bail shall not required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[X] Yes          [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[X] Yes          [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

ERDCC

2. What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

I was beat up in handcuffs by COII Thomas A. Gullett and possibly coI Weir and coI Pacheco. COII Gullett picked me up and body slammed me head 1st into the concrete floor knocking me unconscious but not before smashing my face against a concrete wall. Weir and Pacheco at the very least helped Gullett remove my blood clothing while I was unconscious.

3. What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

The use of force committee stated the officer acted well within right to get the alleged situation under control. (this was at the grievance level) The grievance appeal response refused to, further address my complaint stating I did not file my complaint in time which is not the truth and violates RSMO chapter (2016) 217.410 (i3)

6

# Affidavit.

I Larry Vaughn Sr. personally appeared before the undersigned notary public, and under oath or affirmation make the following statements:

I Larry Vaughn Sr. spoke with Chris Neiman of the Central Office Constituent Services (via telephone) in October 2018 in regards to an assault on my son, Quincy Vaughn #1081978 by Sgt. Gullett. At that time, you mentioned that Quincy needed to file a grievance (IRR). After receiving information from Quincy that he had already filed an IRR, I spoke to Mr. Neiman again in October, 2018 and related this information to him and he confirmed that he saw that Quincy did in fact file an IRR/Incident report and that something that serious could not be swept under the rug. He (Mr. Neiman) stated that the whole incident of excessive use of force was under investigation. He (Mr. Neiman) also indicated that Quincy was doing what he needs to do and if he's not satisfied with the answer he receives (from the prison staff), that he should exhaust all the steps in the grievance process.

In January 2019, I again contacted Mr. Neiman and told him that Quincy related that when he inquired about the status of his IRR (regarding excessive use of force by Sgt. Gullett) prison staff stated that they had lost it, then they later said that he'd never filed it. During this conversation Mr. Neiman acted as though he never mentioned that he saw Quincy had filed an IRR. Mr. Neiman then related that Quincy needed to file an IRR for excessive use of force, as if he (Quincy) never filed one.

Signature of Affiant                                          Date 11/20/19

State of Missouri

County of Jackson County

Signed and sworn to (or affirmed) be me on November 20, 2019

by Larry Vaughn

Printed name of individual making statement

Who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Produced identification

Type of ID MO NDL J203326027

Signature of notary public

Brittany Ridenhour

(Name of notary, typed, stamped or printed)
Notary Public State of Missouri

BRITTANY RIDENHOUR
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires Aug. 20, 2022
Commission # 18555124

My commission expires: 8-20-2022

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

    I originally filed my IRR which is the the 1st step in the grievance process. Staff purposely lost my IRR and I didn't find out until a couple months later when IRR kept inquiring to the caseworker about the status of my IRR and I also had my parents contacting central office regarding the status of such complaint.

F.  If you did not file a grievance:

    N/A

1.  If there are any reasons why you did not file a grievance, state them here:

    N/A

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    My father who spoke with Central Office about the above (#4) has submitted an affidavit stating the above is true

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

7

## VI.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.   To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☒ Yes          ☐ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

2006

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes          ☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.   Parties to the previous lawsuit

Plaintiff  <u>ats been so long ago and ① dont have access to these records.</u>

Defendant(s)  <u>N/A</u>

2.   Court (*if federal court, name the district; if state court, name the state and county*)

WeKalb County, Cole County

3.   Docket or case number  <u>Don't have access to thise Case No.</u>

4.   Name of Judge assigned to your case  <u>See #3</u>

5.    Approximate date of filing lawsuit  See  pg. 4  #3

6.    Is the case still pending?

☐  Yes

☒  No (*If no, give the approximate date of disposition*): ???

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)
Both complaints were dismissed in Dekalb counts and Cole county.

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒  Yes          ☐  No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.    Parties to the previous lawsuit
Plaintiff   Won't have access to this info
Defendant(s)   N/A

2.    Court (*if federal court, name the district; if state court, name the state and county*)

3.    Docket or case number  Won't have access to

4.    Name of Judge assigned to your case   N/A

5.    Approximate date of filing lawsuit   N/A

9

6.   Is the case still pending?

     ☐ Yes

     ☒ No (*If no, give the approximate date of disposition*):_____

7.   What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

     Dismissed

## VII.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 19th day of December, 2019

Signature of Plaintiff _____

10

objection:

On the 5th of December Judge
Ross (2019), stated in a order, that
I could not sue the defendants in
both their individual capacity
and official capacity, stating if I
didn't change my pleading my case
would face dismissal because I
the Plaintiff can not sue government
employee's in their official capacity.
However; with all due respect I dis-
agree, if Im asking for sometype of
injunctive relief or non-money damages
coupled with monetary damages this
should be permitted as long as
I have sued in both capacities

About the Plaintiff:

It is pertinent the court take into
consideration that I, Quincy Vaughn
#:081978 (The Plaintiff) am handicapped.
I am blind in one eye and am
very sensitive to bright.
While it is true plaintiff is smart.
His abilities to concentrate and focus
on documents becomes agitated
when reading for long periods of time
(writing as well). Sometimes reading
and writing becomes an impossible
task. For this reason which I
have explained and is in my
medical file I respectfully request
the court reconsider my motion/
request for counsel.
Also I could not put this on a
court approved form where I have
messed it up...or shall I say I
wrote on the back thinking I
could turn the lawsuit in like
that. So instead of sending the
forms that had writing on the
back I sent or use the spare
forms not wanting my suit to
be dismissed

Quincy Vaughn #:081978
I certify that I did on the 27th
day of December did cause a true
and foregoing copy to be sent
to the U.S. Eastern District Court Clerk