## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| QUINCY C. VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2566-JAR |
| | ) | |
| THOMAS GULLETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the amended complaint of self-represented plaintiff Quincy C. Vaughn (registration no. 1081978), an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"). The Court previously granted plaintiff *in forma pauperis* status and reviewed his original complaint under 28 U.S.C. § 1915. ECF No. 15. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned plaintiff that his amended complaint would also be reviewed under § 1915. For the reasons discussed below, the Court will issue service on defendants Thomas Gullett, Unknown Pacheco, and Unknown Weir in their individual capacities.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**The Complaint and Amended Complaint**

Plaintiff, an inmate at ERDCC, filed a fifty-one (51) page complaint on September 12, 2019 pursuant to 42 U.S.C. § 1983. Plaintiff alleged several unrelated claims against ten (10) defendants in their official and individual capacities. ECF No. 1.

On December 5, 2019, the Court reviewed plaintiff's original complaint and found it to be deficient for improperly joining into one lawsuit "a multitude of defendants and numerous claims against them." ECF No. 15 at 8. The Court provided plaintiff with instructions for amending the complaint.

Plaintiff filed his amended complaint on December 27, 2019. ECF No. 17. Plaintiff brings claims against three ERDCC correctional officers: Thomas Gullett, Unknown Weir, and Unknown Pacheco. All defendants are sued in their individual capacities only.

Plaintiff alleges that on September 5, 2018, Gullett assaulted him while he was handcuffed. Plaintiff states that Gullett directed him to "strip out." Plaintiff claims he was unable to comply with handcuffs on and behind his back. Plaintiff states Gullett then directed him to place his nose on the wall and he complied. Plaintiff alleges Gullett "grabbed [his] pants and boxers all in one motion and aggressively began to yank them down." Plaintiff stepped away from Gullett and told him he was violating PREA[1] by touching him during a routine strip out. Gullett responded that his actions were not violative of the PREA and proceeded to "smash" plaintiff's face into the concrete wall and body slam him "face 1st" onto the concrete floor.

Plaintiff further alleges that Pacheco and Weir "witnessed the entire assault but did nothing to stop Gullett in his excessive action." Plaintiff states that while he laid unconscious on the floor, Pacheco and Weir assisted Gullett in removing plaintiff's clothes. Plaintiff also states that while he was unconscious "it is possible" that Weir assaulted him. Plaintiff provides no additional facts as to why he believes Weir might have assaulted him while he was unconscious.

Plaintiff claims he sustained significant injuries to his face as a result of the altercation. He asserts he suffered a broken nose, a fracture to the right side of his nose, a tri-fracture directly under his right eye, and several fractures to his cheekbone. He asserts that he had to undergo surgery to correct the fractures, which included a metal plate implant. Plaintiff also states he was subsequently diagnosed with PTSD due to the assault.

For relief, plaintiff seeks specific injunctive relief as well as $3,000,000 in punitive damages, and $800,000 for pain and suffering.

---

[1] Prison Rape Enforcement Act.

Plaintiff filed a letter with the Court, dated December 21, 2019, seeking to add an additional unrelated claim against Weir. ECF No. 16. In the letter, plaintiff alleges that Weir is harassing him by denying him "rec" on several occasions and threatening to poison him. Plaintiff does not provide any additional facts as to when this alleged harassment occurred or how it violated his constitutional rights.[2]

### Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Gullett violated the Eighth Amendment by using excessive force against him. He further claims that Pacheco and Weir violated the Eighth Amendment by failing to intervene. All defendants are sued in their individual capacities only. For the reasons discussed below, the Clerk of Court will be directed to issue process on Gullett, Pacheco, and Weir.

**A. Excessive Force Claim Against Gullett**

Plaintiff states that he is a convicted and sentenced state prisoner. ECF No. 17 at 2. As such, his excessive force claims are governed by the Eighth Amendment. *See Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). "'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore

---

[2] The Court will not consider this supplemental harassment claim against Weir because it does not share a common question of law or fact with plaintiff's excessive force and failure to intervene claims alleged in plaintiff's amended complaint. Consideration of the additional harassment claim would require review of entirely separate events. On initial review of plaintiff's original complaint, the Court advised him that he may "only include claims that arise out of the same transaction or occurrence." (ECF No. 15 at 9). If plaintiff wishes to pursue the additional harassment claim against Weir that he asserts in his December 21, 2019 letter to the Court, he must do so in accordance with the Federal Rules of Civil Procedure and file a separate action.

discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, *i.e.*, they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley*, 475 U.S. at 321.

There is no "significant injury" requirement, because "[o]therwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. 1 at 9. Nevertheless, the "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (holding that the blows directed at the plaintiff's mouth eyes, chest, and stomach, which caused bruises, swelling, loosened teeth, and a cracked dental plate, were not de minimis for Eighth Amendment purposes).

Here, plaintiff alleges that while he was handcuffed Gullet directed him to strip out. Plaintiff claims he was unable to comply with handcuffs on and behind his back. Plaintiff states Gullett directed him to place his nose on the wall and he complied. Plaintiff alleges Gullett "grabbed [his] pants and boxers all in one motion and aggressively began to yank them down." Plaintiff stepped away and Gullet proceeded to "smash" plaintiff's face into a concrete wall and "body slam" him to the ground. Plaintiff alleges that this altercation caused severe facial fractures which required surgery and a metal plate to be implanted in his face.

For purposes of preservice review, the Court must accept as true all of plaintiff's factual allegations and afford him "all reasonable inferences that can be drawn from those allegations."

*See Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014); *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016). With that in mind, plaintiff's excessive force allegation against Gullett is sufficient for purposes of § 1915 review. Accordingly, the Clerk of Court will be directed to serve process upon defendants Gullett in his individual capacity as to plaintiff's claim of excessive force.

### B.  Failure to Intervene Claims Against Pacheco and Weir

Plaintiff alleges that Pacheco and Weir failed to intervene on his behalf while witnessing Gullett's assault against him. The Eighth Amendment imposes upon prison officials the obligation to restore control in tumultuous situations. *Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993). To that end, a correctional officer can be held liable under § 1983 for failing to intervene in another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (holding that a deputy could be held "jointly liable for failing to intervene if a fellow officer . . . was using excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner*, 983 F.2d at 121-22 (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

Here, plaintiff alleges that Pacheco and Weir were present and "witnessed the entire assault," which included Gullett slamming plaintiff's face into a concrete wall and floor while plaintiff was restrained in handcuffs. Plaintiff states that Pacheco and Weir did not intervene on his behalf. Accepting these allegations as true, the Court will direct the Clerk of Court to issue process on Pacheco and Weir in their individual capacities as to plaintiff's claim of failure to intervene.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Thomas Gullett in his individual capacity for plaintiff's claim of excessive force, and as to defendants Unknown Pacheco and Unknown Weir in their individual capacities for plaintiff's claims of failure to intervene.

Dated this 22nd day of June, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**