# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2566-JAR |
| | ) |
| THOMAS GULLETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Quincy C. Vaughn's motion for leave to amend the complaint (ECF No. 29), and the filing of three supplements (ECF Nos. 25, 26, 28). For the reasons discussed below, the Court will deny plaintiff's motion for leave to amend the complaint and strike the supplements from the record.

On September 12, 2019, plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), filed a fifty-one (51) page complaint pursuant to 42 U.S.C. § 1983 against ten (10) defendants in their official and individual capacities. (ECF No. 1). On December 5, 2019, the Court reviewed plaintiff's complaint, found it to be deficient for improperly joining into one lawsuit "a multitude of defendants and numerous claims against them," and directed him to file an amended complaint. (ECF No. 15). Plaintiff filed an amended complaint on December 27, 2019 against three ERDCC correctional officers in their individual capacities. (ECF No. 17). On June 22, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and directed the Clerk of Court to issue process or cause process to issue on the amended complaint against the three named defendants in their individual capacities. (ECF No. 22).

On August 19, 2020, plaintiff filed a motion for leave to amend his complaint "to add the

Administrative agency, Missouri Department of Corrections as a defendant[.]" (ECF No. 29). The Court will deny this motion as moot because, as of the date of this Memorandum and Order, leave of court is not required. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Two of the three named defendants filed a motion to dismiss on August 21, 2020. (ECF No. 32).

Moreover, even if leave of Court were required, the motion would be denied for two reasons: (1) a proposed second amended complaint is not attached, *see* Case Management/Electronic Case Filing Procedures Manual, Sec. II.B; and (2) it would be futile to allow plaintiff to file a second amended complaint to add the Missouri Department of Corrections ("MDOC") as a party because claims against the MDOC are barred by the Eleventh Amendment, *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978), and a suit against the MDOC is, in effect, a suit against the State which is not a "person" for purposes of a § 1983 action, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). "Futility is a valid basis for denying leave to amend." *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Additionally, plaintiff has filed three handwritten documents, which the Court construes as supplements to his amended complaint as they appear to elaborate on or provide evidence in support of his claims against the named defendants. (ECF Nos. 25, 26, 28). Because supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure they will be

stricken from the record. The Court does not accept amendments by interlineation or through supplements. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).   In other words, plaintiff may not amend a complaint by filing separate documents.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Quincy C. Vaughn's motion for leave to amend his complaint is **DENIED as moot**.   [ECF No. 29]

**IT IS FURTHER ORDERED** that the supplements to his amended complaint [ECF Nos. 25, 26, 28] are stricken from the record.

Dated this 24th day of August, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**