# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-2566-JAR |
| THOMAS GULLETT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon a motion for preliminary injunction filed by self-represented plaintiff Quincy C. Vaughn, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). (ECF No. 30). For the reasons discussed below, the motion will be denied.

## Background

On September 12, 2019, self-represented plaintiff filed a fifty-one (51) page complaint pursuant to 42 U.S.C. § 1983 against ten (10) defendants in their official and individual capacities. (ECF No. 1). On October 16, 2019, plaintiff filed his first motion for a preliminary injunction. (ECF No. 9). In the motion, plaintiff requested the Court to order the Missouri Department of Corrections ("MDOC") to modify the job assignments of defendant correctional officers Weir and Pacheco to ensure they would not be assigned to any cells or units in which plaintiff might be housed. In support of his request, plaintiff stated that defendant Weir revoked his recreation time in retaliation for filing a lawsuit against him. Plaintiff admitted that defendant Pacheco had not taken any actions toward him and filed his request for a preliminary injunction as a preventative measure.

On December 5, 2019, the Court reviewed plaintiff's complaint, found it to be deficient for improperly joining into one lawsuit "a multitude of defendants and numerous claims against them," and directed him to file an amended complaint. (ECF No. 15). In the same Order, the Court also denied plaintiff's first motion for a preliminary injunction for the following reasons:

> Although the Court is sympathetic with plaintiff's claims as to his loss of recreation time on one occasion, plaintiff has not met his burden in alleging that if defendant Weir is not reassigned, plaintiff will continue to lose his recreation time. Moreover, plaintiff has not shown that the loss of recreation time on one occasion necessitates placing a scheduling burden on the Department of Corrections/ERDCC to necessitate that defendant Weir never be assigned to a housing unit with plaintiff. Furthermore, the Court cannot restrain defendant Pacheco because plaintiff fears that this defendant may retaliate against him in the future.

(*Id.* at 11-12).

Plaintiff filed an amended complaint on December 27, 2019 against three ERDCC correctional officers in their individual capacities: Thomas Gullett, Unknown Pacheco and Tyler Weir. (ECF No. 17). On June 22, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and directed the Clerk of Court to issue process or cause process to issue on the amended complaint against the three named defendants in their individual capacities. (ECF No. 22).

On August 19, 2020, plaintiff filed a second motion for preliminary injunction against defendant correctional officer Weir. (ECF No. 30). In the motion, plaintiff states he is a practicing Muslim and does not eat pork due to a religious dietary limitation. Plaintiff claims that on August 11, 2020 defendant Weir attempted to give him and his Muslin cellmate two pork trays, but reluctantly provided non-pork trays. Plaintiff states that Weir "hesitated like he wasn't going to give [him his] tray before he finally did so." (*Id.* at 2). Plaintiff told Weir he "did not want him feeding [him] if he was going to act like that." (*Id.*) Weir responded, "I'm not the one who

2

assaulted you. I'm not the one who beat your ass." (*Id.*)  After an "argument broke out," plaintiff claims Weir said, "You got a child beater and a woman beater all in one cell." (*Id.* at 2-3). Plaintiff claims Weir's comment was an attempt to create a hostile environment amongst himself, his cellmate, and other inmates. (*Id.*)  Plaintiff asserts that his "life is in jeopardy around this officer" and the "level of retaliation . . . is only going to get worse." (*Id.*)  As a result, plaintiff requests the Court to order that Weir be reassigned to another housing unit.

## Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated" and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.* at 521. The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d

1181, 1183 (8th Cir. 2019).

Here, plaintiff has not met his burden of demonstrating that a preliminary injunction should be issued. The facts he has presented do not demonstrate a threat of irreparable harm should an injunction not be issued.  Plaintiff claims that on August 11, 2020 defendant Weir hesitated in providing him with a non-pork meal tray, but that he was ultimately given the correct meal. Plaintiff does not allege he was denied food or that there was a significant delay in receipt of his meal. As to Weir's alleged comments made to plaintiff, mere words are generally not enough to support a claim of a constitutional violation.  *See Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (stating that name calling is not a constitutional violation for purposes of a 42 U.S.C. § 1983 action).   Thus, plaintiff has not sufficiently alleged that a right was violated.   Plaintiff has also not shown that Weir's hesitancy to provide him with a religiously compliant meal on one occasion, despite evidencing unprofessionalism, necessitates that this Court place a scheduling burden on the MDOC/ERDCC. Furthermore, plaintiff's allegation that Weir's retaliation is "only going to get worse" in the future is not a sufficient basis for the issuance of a preliminary injunction as the "danger must be more than a mere possibility.  *See Goff*, 60 F.3d at 521.

As such, the Court must decline to impose a mandatory injunction at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Quincy C. Vaughn's motion for a preliminary injunction is **DENIED without prejudice**.    [ECF No. 30]

Dated this 27th day of August, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**