# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2566-JAR |
| | ) |
| THOMAS GULLETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon a motion to compel filed by self-represented plaintiff Quincy C. Vaughn, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). ECF No. 48. For the reasons discussed below, the motion will be denied.

## Background

On September 12, 2019, self-represented plaintiff Quincy C. Vaughn filed a fifty-one (51) page complaint pursuant to 42 U.S.C. § 1983 against ten (10) defendants in their official and individual capacities. ECF No. 1. On December 5, 2019, the Court reviewed plaintiff's complaint, found it to be deficient for improperly joining into one lawsuit "a multitude of defendants and numerous claims against them," and directed him to file an amended complaint. ECF No. 15.

Plaintiff filed an amended complaint on December 27, 2019 against three ERDCC correctional officers in their individual capacities: Thomas Gullett, Unknown Pacheco and Unknown Weir. ECF No. 17. Plaintiff alleges defendant Gullett assaulted him while he was handcuffed by smashing his face into a concrete wall and body slamming him onto a concrete floor. Plaintiff further alleges defendants Pacheco and Weir witnessed the assault but did not stop

defendant Gullett. Plaintiff claims he sustained significant injuries to his face, including a broken nose and several facial fractures.

On June 22, 2020, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and directed the Clerk of Court to issue process or cause process to issue on the amended complaint against defendant Gullett in his individual capacity for the excessive force claim and against defendants Pacheco and Weir in their individual capacities for the failure to intervene claims. ECF No. 22.

## Motion to Compel

On October 26, 2020, plaintiff filed the instant motion to compel. ECF No. 48. Plaintiff explains the "purpose for this motion to compel is to respectfully request this Court to compel the Warden Stan Payne to transfer [him] immediately" to another institution as his "life is in danger." ECF No. 48 at 7. The Court notes plaintiff has filed five previous motions to compel with one motion specifically requesting an immediate transfer to another prison within the Missouri Department of Corrections. ECF No. 13. This request was denied on December 5, 2019. ECF No. 15.

Within the instant motion, plaintiff asserts the following: (1) two non-defendant medical technicians are attempting to poison him by placing "foreign objects, black in color and red in color in [his] meds;" (2) non-defendant correctional officer Jones provided plaintiff with a brown paper bag and a peanut butter sandwich which plaintiff appears to allege was wrong of him to do; (3) non-defendant correctional officer Renk threatened his family due to the filing of the instant lawsuit; (4) non-defendant correctional officers Sellers and Ronnie threated plaintiff with mace; (5) plaintiff was transferred to a cell in B-wing with metal grates on the windows which should

have been removed because such grates were often used by inmates to commit suicide; (6) non-defendant correctional officers Ronnie and Lee slammed plaintiff's head into a concrete wall and metal door frame; and (7) non-defendant officers permitted plaintiff to be in custody of a razor blade despite his placement on suicide watch. *Id.* at 2-7.

While all of the incidents plaintiff asserts in the instant motion occurred at the ERDCC, none of the acts were alleged to have been performed by any of the named defendants to this action. Additionally, none of the allegations presented in the instant motion were raised in his amended complaint. The Court can only determine the rights of parties who are before it. *Kandlbinder v. Reagen*, 713 F.Supp. 337, 339 (W.D. Mo. 1989). The Warden of the ERDCC is not a defendant in this case and plaintiff does not allege the named defendant correctional officers have the authority to participate in the decisions made by the Missouri Department of Corrections to transfer any inmate, including plaintiff, from one institution to another.

To the extent plaintiff's motion to compel is actually intended to be a motion for a preliminary injunction, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994). If new injuries arise during litigation that are not a result of the harm alleged in the complaint, the court may not issue a preliminary injunction against that conduct. *Id.* at 471. As noted above, plaintiff's amended complaint is directed to an excessive force claim against defendant Gullett and a failure to intervene claim against defendants Weir and Pacheco arising from a specific incident that occurred on September 5, 2018. ECF No. 17 at 3. There is nothing that establishes a relationship between plaintiff's allegations against non-defendants in the instant motion and the amended complaint.

Because the allegations in the instant motion have no relationship to the allegations or defendants in the amended complaint, the Court must deny the motion.

The Court further notes that transfers to another prison are entirely within the discretion of prison officials.  *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984).  "This court does not have the authority to order the State of Missouri to transfer plaintiff to any other facility."  *Williams v. Sympson*, No. 05-3427-CV-S-DW-P, 2005 WL 8159153, at *3 (W.D. Mo. Nov. 3, 2005). Prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985).  "[C]onstitutionally speaking, assignments [to particular prisons] are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations on their own weight."  *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (citing *Vitek v. Jones*, 445 U.S. 480 (1980); *Sisneros v. Nix*, 884 F.Supp. 1313, 1346 (S.D. Iowa 1995)).

Therefore, the Court will deny plaintiff's motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Quincy C. Vaughn's motion to compel is **DENIED without prejudice**.   [ECF No. 48]

Dated this 30th day of October, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**