## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-2566 JAR |
| ) | |
| THOMAS GULLETT, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motions to dismiss plaintiff's amended complaint or, in the alternative, for a more definite statement filed by defendants Tyler Weir and Travis Pacheco, ECF No. 32, and defendant Thomas Gullett, ECF No. 46. Self-represented plaintiff Quincy C. Vaughn filed a response to Weir and Pacheco's motion to dismiss. ECF No. 45. Defendants did not file a reply and the time for doing so has passed. For the reasons discussed below, the motions will be denied, and the Court will issue a case management order by separate order.

**I.     Background**

Plaintiff, currently incarcerated at Eastern Reception Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri, filed a fifty-one (51) page complaint on September 12, 2019 pursuant to 42 U.S.C. § 1983. Plaintiff alleged several unrelated claims against ten (10) defendants in their official and individual capacities. ECF No. 1. On December 5, 2019, the Court reviewed plaintiff's complaint and found it to be deficient for improperly joining into one lawsuit "a multitude of defendants and numerous claims against them." ECF No. 15 at 8. The Court provided plaintiff with an opportunity to file an amended complaint.

Plaintiff filed an amended complaint on a Court-provided form on December 27, 2019 against three correctional officers: Thomas Gullett, Unknown Weir, and Unknown Pacheco.[1] ECF No. 17. Plaintiff checked the boxes indicating he was suing these defendants in their individual capacities only.[2] Plaintiff's amended complaint alleged that on September 5, 2018, Gullett assaulted him while he was handcuffed. Plaintiff alleged Gullet directed him to "strip out," but he was unable to comply because his hands were placed in cuffs behind his back. Gullett ordered plaintiff to place his nose on the wall and plaintiff stated he complied. Gullett subsequently "grabbed [plaintiff's] pants and boxers all in one motion and aggressively began to yank them down." Plaintiff stepped away from Gullett and told him he was violating the Prison Rape Enforcement Act ("PREA") by touching him during a routine strip out. Gullett told plaintiff that his actions were not violative of the PREA and proceeded to "smash" plaintiff's face into the concrete wall and body slam him "face 1st" onto the concrete floor.

Plaintiff further alleged Pacheco and Weir "witnessed the entire assault but did nothing to stop Gullett in his excessive action." Plaintiff alleged that while he laid "bloody and unconscious on the floor" of his cell, Pacheco and Weir assisted Gullett in removing plaintiff's clothes. Plaintiff also alleged that while he was unconscious "it is possible" that Pacheco and Weir assaulted him. Plaintiff provided no additional facts as to why he believed Weir might have assaulted him while he was unconscious.

---

[1] Unknown Weir and Unknown Pacheco have been identified as defendants Tyler Weir and Travis Pacheco. *See* ECF No. 31.

[2] Attached to the amended complaint was a document titled "Objection." ECF No. 17 at 17. This document expressed plaintiff's disagreement with footnote 1 of this Court's December 5, 2019 Order. Footnote 1 instructed plaintiff that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983" and, as pled, the original complaint failed to state a claim against the ten defendants in their official capacities. ECF No. 15 at 3. This objection was irrelevant to the Court's § 1915 review of plaintiff's amended complaint because he explicitly limited his allegations against the three defendant correctional officers in their individual capacities only.

Plaintiff claimed he sustained significant injuries to his face as a result of the altercation, including a broken nose, a fracture to the right side of his nose, a tri-fracture directly under his right eye, and several fractures to his cheekbone. Plaintiff received surgery to correct the fractures, which included a metal plate implant. Plaintiff also stated he was subsequently diagnosed with post-traumatic stress disorder due to the assault. Plaintiff seeks $3,000,000 in punitive damages, $800,000 for pain and suffering, and injunctive relief.

On June 22, 2020, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 22. The Court determined that plaintiff alleged a plausible claim of excessive force against defendant Gullett and plausible claims of failure to intervene against defendants Pacheco and Weir. *Id.* at 4-6.

On August 21, 2020, defendants Weir and Pacheco filed a motion to dismiss plaintiff's amended complaint. ECF Nos. 32, 33. On October 13, 2020, defendant Thomas Gullett also filed a motion to dismiss plaintiff's amended complaint. ECF Nos. 47, 48. Both motions are substantially identical and argue that plaintiff's amended complaint should be dismissed for his failure to exhaust the prison grievance process prior to bringing the instant lawsuit. Alternatively, both motions move for a more definite statement so defendants can adequately file a response.

## II.   **Motions to Dismiss for Failure to Exhaust Prison Grievance Remedies**

### A. **Legal Standard for Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the

nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### B. Discussion

The motions to dismiss filed jointly by defendants Weir and Pacheco and individually by Thomas Gullett are substantially identical, arguing plaintiff's amended complaint should be dismissed for failure to exhaust the prison grievance process prior to bringing the instant lawsuit. Defendants outline the prison grievance process as follows:

> The Missouri Department of Corrections (MDOC) has a uniform grievance procedure for all Missouri prisons . . . The MDOC procedure consists of three stages. At the first stage, a prisoner presents his complaint by filing an Informal Resolution Request (IRR) within 15 days of the circumstances giving rise to the complaint. The IRR is then reviewed and a written response is given to the prisoner. At the second stage, a prisoner who is dissatisfied with the response to the IRR may file an Offender Grievance within seven days of the conclusion of the entire IRR review process. The Grievance is then reviewed and a written response is provided to the prisoner. Finally, at the third stage, a prisoner who is dissatisfied with the response to the grievance may file an Offender Grievance Appeal within seven days of the conclusion of the entire grievance review process. The appeal is then reviewed and a written response is provided to the prisoner.

(ECF Nos. 33 at 4, 47 at 3-4) (quoting *Barr v. Pearson*, 2015 WL 6437237, at *2 (E.D. Mo. Oct. 21, 2015)).

Defendants cite to plaintiff's amended complaint in which he asserts he "originally filed [an] IRR," but "staff purposefully lost [his] IRR" which he did not realize "until a couple months later when [he] kept inquiring to the caseworker about the status of [his] IRR." ECF No. 17 at 13. Defendants argue the Court should disregard plaintiff's excuse for untimeliness because he did not take any further steps to exhaust his administrative remedies and it is "apparent from Plaintiff's allegations, Plaintiff did not file a grievance or grievance appeal." ECF Nos. 33 at 4-5, 47 at 5. Additionally, defendants point to the fact that the incident giving rise to the instant action occurred on September 5, 2018 and an Affidavit from plaintiff's father, which is attached to the amended

complaint, asserts plaintiff filed his original IRR on October 2018. Defendants argue that if plaintiff filed his original IRR in October, as his father testified, plaintiff was more than fifteen (15) days past the time allotted by the MDOC and, thus, both his "lost" IRR and second IRR were untimely.

Plaintiff filed a document titled, "Objection," which the Court construes as a response to defendant Weir and Pacheco's motion to dismiss. ECF No. 45. Plaintiff admits he did not file his original IRR within the fifteen (15) day period but cites to MDOC grievance policy D5 3.2 which allegedly allows the institution's functional unit manager to waive the time requirement if the offender was in the hospital. Plaintiff claims he was confined in the prison's infirmary for "about a month and about a week" after the alleged excessive force incident which made it "impossible to file within the 15-day time frame." Plaintiff states he underwent surgery on or around September 27, 2018 and filed his first IRR on or around October 2, 2018, which he claims was lost by MDOC staff. After inquiring about the status of his complaint to his case manager, he filed a second IRR on December 26, 2018.

Plaintiff provided copies of following documents to support his compliance with prison grievance procedures: (1) IRR, marked as received on December 26, 2018, in which plaintiff indicated it was his *second* IRR; (2) letter to his caseworker, dated December 16, 2018, in which he stated he filed an IRR prior to December 26, 2018 but it went "mysteriously" missing; (3) an undated institutional response denying plaintiff's second IRR on the merits; (4) Offender Grievance, signed by plaintiff on February 1, 2019, with the Superintendent's Response, dated February 26, 2019, denying his Grievance on the merits; (5) Offender Grievance Appeal, signed by plaintiff on March 19, 2019; and (6) Grievance Appeal Response, dated April 16, 2019. ECF No. 45-1. The Court finds that these documents adequately refute defendants' arguments that "Plaintiff did not file a grievance or grievance appeal" or failed to "continue with his claims to the

point of administrative exhaustion, even if prison officials failed to respond to his initial IRR or grievances." ECF Nos. 33 at 4-5, 47 at 5.

The Prison Litigation Reform Act mandates that "[a]n inmate must exhaust all available administrative remedies before bringing a § 1983 suit." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015). "'[T]he boundaries of proper exhaustion' depend on the prison's specific administrative requirements." *Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). MDOC has a three-step administrative grievance process: an IRR, a grievance, and a grievance appeal. "Inmates are excused from exhausting remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (internal quotation marks and citation omitted). "[A] remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy[.]" *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). A plaintiff must present some evidence, other than mere conclusory statements, to demonstrate he was precluded from fully exhausting his administrative remedies. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). The exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits. *Hammett v. Cofield*, 681 F.3d 945, 947-48 (8th Cir. 2012).

Here, plaintiff argues that his original IRR paperwork was lost by prison staff. Plaintiff supports this assertion with a copy of his December IRR which states it is his "second" filing as well as a letter he allegedly sent to his caseworker stating he filed a previous IRR. ECF No. 45-1. Plaintiff admits; however, his first and allegedly missing IRR was filed late on or around October 2, 2018 but attributes his untimeliness to being in the prison infirmary for surgery and recovery as a direct result of the September 8, 2015 assault. ECF No. 45 at 1-2. Plaintiff refers to an MDOC policy allegedly providing that if an inmate is in the hospital the functional unit manager may

waive the time requirement. ECF No. 45. at 1. The defendants did not file a reply in support of their motion to dismiss, and as a result, for purposes of the instant motion, the Court assumes defendants do not dispute plaintiff was in the prison infirmary during the applicable fifteen-day (15) time period or the MDOC prison grievance procedure contains a policy permitting waiver of the time limitations for the filing of an IRR if an inmate is in the hospital.

The Court finds plaintiff's waiver argument to be supported by the record because although his first and second IRRs were untimely filed, the MDOC considered his complaints on the merits without addressing the timeliness issue. Plaintiff's December 2018 IRR, which he claimed was his second filing, was denied with the following explanation:

> Your IRR and all pertinent information/documentation has been received and reviewed. The use of force occurred as a result of you refusing directives to submit to a search. The events leading to the use of force; a precise description of the type of force employed; a precise description of the incident; the reason for employing the force and the description of the injuries and the treatment were necessary and minimal to maintain good order and security. This certification of the events were then approved by the Warden and then forwarded to the Secretary Coordinator for the Missouri Department of Corrections. You have failed to provide any evidence to support your allegations of excessive use of force.

ECF No. 45-1 at 16.

Plaintiff subsequently filed a Grievance which was likewise denied on the merits in a Grievance Response issued on February 26, 2019. ECF No. 45-1 at 17. The Grievance Response provides that the Superintendent reviewed plaintiff's IRR, Grievance and "other pertinent information available" in order to find that the use of force was appropriate. The Grievance Response additionally states that the use of force was "also reviewed by the Chief Security Coordinator of the Division of Adult Institutions, who concurred." The Grievance Response does not contain plaintiff's signature confirming receipt of the decision and, thus, the Court is unable to determine how many days plaintiff had to file his appeal, which he submitted on March 19, 2019. ECF No. 45-1 at 19. The Grievance Appeal Response is dated April 16, 2017 and states as follows:

> Your appeal dated March 19, 2019, has been reviewed. The courtesy response given at the grievance level adequately addressed your complaint. Missouri Department of Corrections policy D5-3.2-Offender Grievance states, "Any offender, who wishes to file an informal resolution request, on a grievable issue, must do so within 15 calendar days from the date of the alleged incident." Records indicate the Use of Force occurred on September 5, 2019, and you did not submit your complaint until December 26, 2018. Therefore, no further response is warranted. Your appeal is denied.

ECF No. 45-1 at 21.

At the first step of the grievance process, despite plaintiff's failure to timely submit, his claims were investigated and denied on the merits. They were again denied at the second stage on the merits. At the third stage, the MDOC relied on plaintiff's failure to timely file his original IRR, but also acknowledged that the merits of plaintiff's arguments were "adequately" addressed in the prior two stages. "Whether or not plaintiff could have filed a grievance while in the infirmary is irrelevant. The prison officials waived the 15-day requirement by allowing plaintiff to file the IRR and addressing it on the merits." *Rothman v. Lombardi*, No. 4:11-CV-639-CEJ, 2012 WL 639713, at *3 (E.D. Mo. Feb. 27, 2012). *See e.g., Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) ("when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action."). Defendants have not pointed to any case in which the untimely grievance was resolved on the merits and the exhaustion requirement was found to be unmet.

Accordingly, the Court will decline to dismiss this action for plaintiff's failure to exhaust his administrative remedies pursuant to the prison grievance process.

### C. Alternative Motions for a More Definite Statement

In the alternative of dismissing this action for plaintiff's failure to exhaust his claims, both motions request the Court to require plaintiff to make a more definite statement of his claims.

The federal pleading rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that such a statement "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002) (internal quotes omitted). Fed. R. Civ. P. 10(b) requires that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."" Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for the same, thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Indus., Inc. v. Tru–Arx Mfg., LLC*, No. 06–C–1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006). "The remedy of repleader based on violation of Rules 8 and 10 has generally been reserved for egregious cases where a defendant does not know the basic facts that constitute the claim for relief against it." *Superior Edge, Inc., v. Monsanto Co.*, 44 F. Supp. 3d 890, 898 (D. Minn. 2014).

Here, plaintiff's amended complaint was submitted on a Court-provided form. ECF No. 17. It is clear he is suing the three correctional officers in their individual capacities. In addition to the form complaint, plaintiff provides a one to two-page narrative for each specific defendant, using their name as a header, in which he describes his claims against them and facts to support those claims. *Id.* at 3-4, 6-8. Although plaintiff has not stated his claims in numbered paragraphs, his allegations are limited, as far as practicable, to a discrete set of circumstances and it is clear he

brings a claim of excessive force against Gullet and a claim of failure to intervene against Pacheco and Weir. The facts he provides in the short narrative for each defendant is sufficient and not unduly or superfluous. The only issue defendants raise with plaintiff's amended complaint is his failure to organize his allegations into numbered paragraphs. The Court does not find that defendant's failure to include numbered paragraphs in his amended complaint is so egregious that defendants would be unable to frame a responsive pleading. Moreover, the Court does not find that the amended complaint, as pled, is vague or ambiguous necessitating amendment. Thus, defendants' motions for a more definite statement will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Tyler Weir and Travis Pacheco's motion to dismiss plaintiff's amended complaint or, in the alternative, for a more definite statement (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Thomas Gullett's motion to dismiss plaintiff's amended complaint or, in the alternative, for a more definite statement (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of the Court shall amend the caption to substitute "Unknown Pacheco" with Travis and "Unknown Weir" with Tyler Weir as the named defendants.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2020.