# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2566-JAR |
| | ) |
| THOMAS GULLETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for appointment of counsel. (Doc. No. 54). Defendants filed a memorandum in opposition to Plaintiff's motion. (Doc. No. 58). Plaintiff did not file a reply. The motion is, therefore, fully briefed and ready for disposition.

Plaintiff states that he requires counsel because he is being denied access to the law library. He states that he made two requests "within the last month" and has "not received the caselaw ordered," and that his caseworker was not making rounds. Defendants dispute Plaintiff's allegations and submit an affidavit from Craig Hartel, the law librarian for the Eastern Reception, Diagnostic and Correctional Center, attesting to the fact that all documents requested by Plaintiff (other than copies of Missouri state statutes for which he has not yet paid) have been delivered to him. (Doc. No. 58-1). Hartel further attests that Plaintiff has not made any other document requests from the law library since October 5, 2020.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the

existence of conflicting testimony, and the ability of the indigent to present his claim." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citing Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986)).

Upon consideration of these factors, the Court finds that appointment of counsel is not mandated at this time. The issues in this case are not complex and thus far Plaintiff has demonstrated he is able to articulate and present his claims. The Court will therefore deny Plaintiff's motion for the appointment of counsel without prejudice and will consider future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Plaintiff also requests leave to amend his complaint to add a claim of retaliation. (Doc. No 58). It appears Plaintiff is attempting to amend his complaint by interlineation, or requesting the Court add additional claims to this action without providing the Court with a pleading which includes all claims he wishes to pursue in this action. The Court does not accept amendments by interlineation. If Plaintiff wishes to amend his complaint, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant in this action. Plaintiff is cautioned that the filing of an amended complaint replaces the original complaint and that claims that are not realleged are deemed abandoned. See e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's requests for appointment of counsel [54] and for leave to amend his complaint [57] are **DENIED** without prejudice.

---

[1] Pursuant to the Court's Case Management Order, the deadline for amending pleadings – December 28, 2020 – has passed. (Doc. No. 51). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). A plaintiff must demonstrate good cause according to Rule 16(b)(4) before pleadings can be amended after the scheduling deadline. Ball-Bey v. City of St. Louis, No. 4:18-CV-01364-SPM, 2020 WL 2308418, at *3 (E.D. Mo. May 8, 2020) (citing Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 947-48 (8th Cir. 2012)).

Dated this 11th day of January, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE