## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-02566 JAR |
| ) | |
| THOMAS GULLETT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's pro se motions for extension of time (Doc. No. 83); appointment of counsel (Doc. No. 84); reconsideration of the Court's March 22, 2021 order denying his motion to compel (Doc. No. 85); subpoenas (Doc. Nos. 86, 87); and motion to compel (Doc. No. 88).

**Motion for extension of time**

On March 12, 2021, the Court granted Defendants' motion to strike Plaintiff's interrogatories directed to non-parties and advised Plaintiff that to the extent he seeks discovery from a non-party, he should be guided by Fed. R. Civ. P. 45, which allows parties to serve non-parties with subpoenas to produce documents or provide testimony. Plaintiff requests additional time to secure the discovery he seeks by way of subpoena. His request will be granted. As discussed herein, the Court has by separate order extended the discovery deadline in this case by ninety (90) days, up to and including August 23, 2021.

**Motion for appointment of counsel**

Plaintiff previously requested appointment of counsel on September 12, 2019 (Doc. No. 2) and again on December 17, 2020 (Doc. No. 54). His requests were considered in light of relevant

factors, see Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018); Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006), and denied without prejudice. (Doc. Nos. 15, 59). Upon consideration, the Court will deny Plaintiff's latest request for appointment of counsel. The Court finds nothing in the record to cause it to reconsider its previous orders denying Plaintiff's motions for appointment of counsel. Again, this case is neither factually nor legally complex. Moreover, Plaintiff has demonstrated he can adequately present his claims to the Court.

**Motion for reconsideration**

On March 22, 2020, the Court denied Plaintiff's motion to compel production of DOC policies relating to use of force and strip searches on the grounds that compelling disclosure of these policies would compromise prison safety and security. (Doc. No. 74). While the Court recognizes the legitimate safety and security concerns of the DOC, the policies at issue go directly to Plaintiff's claims. Therefore, upon reconsideration, the Court will direct Defendants to submit the DOC policies relating to use of force and strip searches to the Court for its *in camera* review.

**Motion for subpoenas**

Plaintiff requests subpoenas for non-parties seeking information with interrogatories directed to each of them. The Court will direct Defendants to respond to Plaintiff's request.

**Motion to compel**

Lastly, Plaintiff seeks an order compelling Defendants Weir and Pacheco's responses to his interrogatories and extending the deadline for filing summary judgment motions for thirty (30) days. On April 21, 2021, the Court granted Defendants leave to serve their objections and responses to Plaintiff's first sets of interrogatories out of time. (Doc. Nos. 81, 82). Defendants oppose Plaintiff's motion, stating that Defendant Weir provided his responses and objections to Plaintiff's interrogatories on April 21, 2021, but that they have been unable to obtain Defendant

Pacheco's notarized signature after receiving his responses to Plaintiff's interrogatories. (Doc. No. 90). For this reason, among others, Defendants have requested an extension of discovery and dispositive motion deadlines by ninety (90) days. The Court has granted Defendants' request by separate order. As a result, Plaintiff's motion to compel will be granted with respect to his request for an extension of the deadline for filing summary judgment motions. In all other respects, the motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for extension of time [83] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [84] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration [85] is **GRANTED.** Defendants shall submit the DOC policies relating to use of force and strip searches to the Court for its *in camera* review **no later than June 1, 2021**.

**IT IS FURTHER ORDERED** that Defendants shall file their response to Plaintiff's motion for subpoenas [86] **no later than June 1, 2021**.

**IT IS FINALLY ORDERED** that Plaintiff's motion to compel [88] is **GRANTED** in part and **DENIED** in part in accordance with the rulings herein.

Dated this 20th day of May, 2021.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**