# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-02566 JAR |
| ) | |
| THOMAS GULLETT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se motions to compel (Doc. No. 94); for transfer to another prison (Doc. No. 95); to amend his complaint (Doc. No. 100); and for clarification (Doc. No. 101).

**Motion to compel**

Plaintiff has renewed his motion to compel Defendant Pacheco's responses to his interrogatories. Plaintiff's motion is premature because, under the Amended Case Management Order, the parties now have until August 23, 2021 to complete discovery in this matter, and dispositive motions are not due until September 22, 2021. (See Doc. No. 93). Therefore, the Court will deny Plaintiff's motion to compel without prejudice.

**Motion to terminate and for transfer**

In his motion, Plaintiff claims he has been subjected to acts of retaliation and aggression by prison officials at the Eastern Reception Diagnostic Center, namely Officer Warren, Officer Downs, and Captain Neel, and requests they be terminated and that he be transferred to another prison. The Court does not inject itself into problems of prison administration, especially with regards to Plaintiff's request for transfer. See Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984)

(transfers to another prison are within the discretion of prison officials). Judicial restraint is called for in this context and militates against the granting of Plaintiff's motion. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982).

**Motion to amend complaint**

Plaintiff moves to amend his complaint to bring a claim against law librarian Craig Hartel, Function Unit Manager Heather Turner, and Caseworker John Doe McFarland for denying him access to the law library and "sabotaging" his case. If Plaintiff wishes to amend his complaint, he must include with his motion to amend a proposed pleading that includes each and every claim he wishes to bring. See Fed. R. Civ. P. 15. Plaintiff is cautioned that the filing of an amended pleading replaces the original and claims that are not realleged are deemed abandoned. See Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (finding it appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Plaintiff's motion will be denied without prejudice.

**Motion for clarification**

In connection with Plaintiff's motion for reconsideration of the Court's May 20, 2021 Order denying his motion to compel production of certain DOC policies on the grounds that compelling disclosure would compromise prison safety and security, the Court directed Defendants to submit those DOC policies to the Court for its *in camera* review.[1] Plaintiff has asked for clarification on the meaning of *in camera* review. *In camera* review describes a process where a judge privately looks at confidential, sensitive, or private information to determine what, if any, information may be used by a party or made public.

Accordingly,

---

[1] Plaintiff's motion to compel production of these DOC policies will be addressed in a separate order once the Court has completed its *in camera* review.

– 3 –

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel [94] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for termination and transfer [95] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint [100] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for clarification [101] is **GRANTED.**

Dated this 11th day of June, 2021.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**