UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-02566 JAR |
| | ) |
| THOMAS GULLETT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the *in camera* review of documents submitted by Defendants in response to this Court's May 20, 2021 Order. (Doc. No. 92).

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, brings this action under 42 U.S.C. § 1983 against three corrections officers. In his amended complaint, Plaintiff alleges he was assaulted by one officer while handcuffed behind his back during an improper "strip out." Plaintiff further alleges the other two officers failed to intervene. Plaintiff moved for an order compelling Defendants to provide him with Missouri Department of Corrections (MDOC) policies relating to the use of force and strip searches.[1] (Doc. No. 72). The Court denied Plaintiff's motion on the grounds that compelling disclosure of DOC policies on use of force and strip searches would compromise prison safety and security. (Doc. No. 74). Plaintiff moved for reconsideration of the Court's order (Doc. No. 84), and the Court directed Defendants to submit those policies to the Court for an *in camera* review (Doc. No. 92). Defendants submitted

---

[1] Plaintiff also sought to compel production of DOC policies relating to administrative segregation, but based on the representations of Defendants' counsel that a copy of Standard Operating Procedure 21-1.2 and Institutional Services Procedure Manual 21-1.2, both regarding Administrative Segregation, had been mailed to Plaintiff on March 15, 2021 (see Doc. Nos. 73-1, -2), the Court denied the motion in this regard.

the following MDOC policies for *in camera* review: IS20-1.3 Searches; IS20-1.9 Outcounts; IS20-2.3 Mechanical Restraints; IS20-3.3 Response Team Tactics and Security Equipment; IS20-3.1 Use of Force Guidelines and Reports; IS20-4.1 Central Transportation Unit Procedures; and IS20-4.2 Offender Transportation.

Rule 26(b)(1) permits parties to obtain discovery regarding any non-privileged matter which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) requires the Court to balance broad discovery with the practical burdens such discovery places on parties by limiting discovery in certain instances, including when "the burden … of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(b)(2)(c)(iii). Here, the Court must weigh Plaintiff's request for MDOC policies to determine if Defendants' alleged use of force against him violated such policies, against Defendants' assertion that disclosure would raise security concerns at ERDCC. See, e.g., Walker v. Wall, No. C.A. 10-178 S, 2010 WL 4903825, at *1 (D. R.I. Nov. 24, 2010) (discussing balancing of safety and security interests of prison against plaintiff's need for sensitive documents in prison context); Whitington v. Sokol, No. 06-01245, 2008 WL 435277, at *l-2 (D. Colo. Feb. 14, 2008) (same); Paluch v. Dawson, No. 06-01751, 2007 WL 4375937, at *2-3 (M.D. Pa. Dec. 12, 2007) (same); Castle v. Jallah, 142 F.R.D. 618, 622 (E.D. Va. 1992) (same).

In addressing requests for prison policies and procedures, courts have distinguished between disclosure of information that amounts to definitions of "general responsibilities," Williams v. Williams, No. C 07-04464 CW LB, 2011 WL 920096, at *5 (N.D. Cal. Feb. 23, 2011), and security-sensitive information such as escape prevention measures, United States v. Williams, 791 F.2d 1383, 1387 (9th Cir.1986), maps and diagrams of the prison facility, Paluch v. Dawson,

No. CIV. 1:CV-06-01751, 2007 WL 4375937, at *2 (M.D. Pa. Dec. 12, 2007), or alarm procedures, Ibanez v. Miller, No. C 06 2668 JAM EFB, 2009 WL 3481679, at *2-3 (E.D. Cal. Oct. 22, 2009).

Upon review of the MDOC policies here, the Court finds the policies contain some information that may be relevant to Plaintiff's claims. Regarding the Use of Force policy (IS20-3.1), the most relevant portions appear to be the sections on the use of force continuum (Section III. C.) and the use of non-deadly force (Section III. D.). These sections provide a general outline of the circumstances justifying use of force by DOC staff and guidelines as to how much force may be used against an inmate in a given situation. The Court fails to see how security would be compromised by disclosure of the contents of Sections III. C. and D. Likewise, the circumstances and manner in which use of force incidents must be reported by correctional staff and reviewed as set out in Sections III. H - L. seem relevant to the claims in this case and would not compromise prison safety or jeopardize the safety of prison staff.

Regarding the policy on Searches (IS20-1.3), the most relevant portions appear to be Section III. A., which provides general information on the necessity of searches as a security tool, and Section III. C. 3, which sets forth the procedures for conducting strip searches of offenders. Disclosure of this information is clearly relevant to Plaintiff's claim and does not raise security concerns.

Regarding the Mechanical Restraints policy (IS20-2.3), the most relevant portions appear to be Section III. B., which provides a general outline for the use of mechanical restraints, including handcuffs, and Section III. C., which addresses restraint use resulting from offender behavior. These procedures are distinguishable from the security-sensitive information that courts protect against disclosure.

As for the policies regarding outcounts (IS20-1.9), response team tactics (IS20-3.3), and transportation procedures (IS20-4.1, -4.2), the Court did not ask for these policies and their inclusion in response to this Court's Order is unclear. In any event, these policies are irrelevant to Plaintiff's claims because they are about unrelated situations.

Thus, upon reconsideration of Plaintiff's motion to compel, the Court will direct Defendants to provide Plaintiff with access to the sections of the MDOC policies identified herein, in a manner acceptable to prison officials, so that Plaintiff may view them and take notes. Defendants need not provide Plaintiff with copies of the policy sections; providing him access to the information is sufficient for purposes of discovery.

Accordingly,

**IT IS HEREBY ORDERED** that **within fourteen (14) days of the date of this Order**, Defendants shall make the following documents accessible to Plaintiff for viewing and note-taking:

- The sections of the Use of Force policy (IS20-3.1) on the use of force continuum (Section III. C.) and non-deadly force (Section III. D.) and the procedures on reporting and reviewing use of force incidents (Section III. H. – L.).

- The sections of the Searches policy (IS20-1.3) on general information (Section III. A.) and procedures for conducting strip searches (Section III. C. 3.).

- The sections of the Mechanical Restraints policy (IS20-2.3) on the use of mechanical restraints generally (Section III. B.) and restraint use resulting from offender behavior (Section III. C.).

Dated this 17th day of June, 2021.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE