UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUINCY C. VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-02566 JAR |
| | ) | |
| THOMAS GULLETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se motions for subpoenas (Doc. Nos. 86, 102, 104); motion for appointment of counsel (Doc. No. 98); motion to amend complaint (Doc. No. 109); motions to compel (Doc. Nos. 114, 120, 122); and motion for default (Doc. No. 116). Defendants oppose Plaintiff's motions. (Doc. Nos. 97, 121, 124).

**Motions for subpoenas**

Plaintiff first moved for the issuance of subpoenas on April 27, 2021. He requested subpoenas for seven non-parties, including Anne Precythe, Director of the Missouri Department of Corrections (MDOC); three MDOC corrections officers; and three medical professionals identified by Plaintiff as "expert witnesses," seeking information with interrogatories directed to each of them. (Doc. No. 86). Plaintiff previously served interrogatories on these individuals which the Court struck because the Federal Rules of Civil Procedure do not provide for serving interrogatories on non-parties. (Doc. Nos. 70, 71). At that time, the Court advised Plaintiff that discovery of non-parties must be conducted by subpoena pursuant to Rule 45 and not the rules governing discovery of parties. (Doc. No. 71). Under Rule 45, a party may subpoena a non-party

to give testimony at deposition or trial or provide documents subject to the requirements provided by the rule.

Defendants oppose Plaintiff's motion on the grounds that Rule 45 does not permit written interrogatories to non-parties outside of depositions by written questions. Defendants argue it would be unfair to require them to arrange depositions for or acquire responses to interrogatories from non-party witnesses over whom they have no legal control, since MDOC is not a party in this case. (Doc. No. 97). In further opposition, Defendants argue that if Plaintiff is attempting to take depositions by written questions, he has not been granted leave to do so pursuant to Fed. R. Civ. P. 31(a)(2), and that if he is seeking to orally depose any MDOC employee (party or non-party), Defendants will object on the grounds that there is a safety and security risk in allowing an inmate to depose a staff member.

Plaintiff's latest filings request subpoenas for Major Morgan and Warden David Vandergriff. (Doc. Nos. 102, 104). Plaintiff attaches a list of questions for Morgan regarding "10-5" and "10-10" police codes and for Vandergriff regarding Defendant Pacheco's employment status and shift assignments on the day of the alleged incident, September 5, 2018. Plaintiff also requests "time key computer generated records" from Vandergriff to discover which officers worked the 11:00 p.m. shift on September 5, 2018.

Defendants are correct that Plaintiff's requests to compel correctional officers and DOC physicians to answer interrogatories attached to subpoenas is beyond the scope of Rule 45, as Rule 45 does not permit this form of discovery. See Lehman v. Kornbleu, 206 F.R.D. 345, 346 (E.D. N.Y. 2001) (interrogatories served on non-parties are a nullity because discovery of non-parties is limited to subpoena). However, Rule 31 authorizes the deposition of any person, including a non-

party, upon written questions. Given Plaintiff's pro se status, the Court will construe his motions

for subpoena as requests to take depositions by written questions and grant him leave to do so.

If Plaintiff chooses to proceed in this manner, he may submit a list of questions to

Defendants for each deponent **on or before August 4, 2021**. Plaintiff must also file a notice of

deposition for each individual that lists his or her current address. The deponents shall write out

answers to the questions provided by Plaintiff and swear to their truthfulness by verification. If

Defendants have legal objections to certain questions, they can make them and if Plaintiff

disagrees, he can file a motion to compel the answer. Plaintiff is clearly entitled to discovery that

will assist his case. To that end, Defendants are hereby ordered to provide such assistance as is

required to effectuate this order.

**Motion for appointment of counsel**

Plaintiff previously requested appointment of counsel on September 12, 2019 (Doc. No.

2), December 17, 2020 (Doc. No. 54), and again on April 27, 2021 (Doc. No. 84). His requests

were considered in light of relevant factors, see Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir.

2018) and Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006), and denied without

prejudice. (Doc. Nos. 15, 59, 92). Upon consideration, the Court will deny Plaintiff's latest request

for appointment of counsel. The Court finds nothing in the record to cause it to reconsider its

previous orders denying appointment of counsel. Plaintiff has demonstrated his ability to litigate

this case as evidenced by his pleadings, including discovery motions, and his efforts have recently

resulted in the Court directing Defendants to provide him with relevant sections of certain MDOC

policies. At this point, nothing has occurred that indicates any need to appoint counsel. Again, this

action appears to involve straightforward questions of fact regarding a single incident, and Plaintiff

appears able to present and investigate his claim and file pleadings and disclosures according to the Federal Rules of Civil Procedure. Plaintiff's motion will be denied without prejudice.

**Motion to amend complaint**

Plaintiff moves to amend his complaint to bring a claim against law librarian Craig Hartel, Function Unit Manager Heather Turner, and Caseworker John Doe McFarland for denying him access to the law library and "sabotaging" his case. Plaintiff concedes he has not exhausted his administrative remedies as to these individuals and asserts that doing so would be futile. Defendants oppose Plaintiff's motion as untimely and prejudicial. The Court agrees and finds there is no reason to allow the addition of these parties – who were not involved in the incident alleged in the operative complaint – at this stage of the case, particularly when the request was not made until six months after the deadline for adding parties and/or amending pleadings expired on December 28, 2020 and less than a month before the August 23, 2021 discovery deadline. (Doc. No. 93). Plaintiff's motion to amend his complaint will be denied.

**Motions to compel**

Plaintiff first seeks an order compelling Defendant Weir's responses to his second set of interrogatories as well as an order compelling Defendants to produce the entire chapter of Missouri Revised Statutes Chapter 217 and the entirety of the Missouri and Federal Rules of Civil Procedure. Defendants' counsel responds that she mailed Defendant Weir's answers and objections to Plaintiff's second set of interrogatories to Plaintiff on July 9, 2021, but in case he did not receive them, she mailed a second copy to Plaintiff on July 22, 2021. In this regard, Plaintiff's motion will be denied as moot.

In further response, Defendants assert that requiring them to produce the entire chapter of Missouri Statutes Chapter 217, the entirety of the Missouri Rules of Civil Procedure, and the

– 4 –

entirety of the Federal Rules of Civil Procedure, is not proportional to the needs of this case and unduly burdensome. The Court agrees. Moreover, these materials are not in the possession, custody, or control of Defendants and are available to all parties, including Plaintiff, at no cost online. In this regard, Plaintiff's motion will be denied.

Next, Plaintiff argues he was not permitted to take notes of certain sections of MDOC policies in accordance with the Court's June 17, 2021 Order (Doc. No. 107) and asks the Court to compel prison officials to allow him to do so. Defendants respond that upon speaking with prison officials, they learned that Plaintiff was not taking notes on the policies, but instead copying them verbatim to take back to his cell. Defendants have offered to provide a second inspection where Plaintiff can review the sections of the MDOC policies previously identified and take notes, provided he does not attempt to copy the entirety of the policies he is shown. Based on Defendants' representations, the Court will deny Plaintiff's motion as moot in this regard and direct Defendants to make those documents accessible to Plaintiff for viewing and note-taking, in a manner acceptable to prison officials, **no later than August 13, 2021**.

Plaintiff also requests the Court conduct an *in camera* review of two MDOC policies, which he refers to as "Truth Verification Examination Test," asserting that these policies clarify that a "stress test" was required in connection with the alleged incident but not given. Defendants clarify that the MDOC policies in question are D1-8.2 Truth Verification Examination – Staff and D1-8.3 Truth Verification Examination – Offender. According to Defendants, a copy of D1-8.3 Truth Verification Examination – Offender was mailed to Plaintiff on July 27, 2021; however, D1-8.2 Truth Verification Examination – Staff cannot be provided to him because he is an inmate and providing inmates with officer policies and procedures would threaten safety and security within the DOC, citing Mo. Rev. Stat. § 217.075.1(3), which prohibits the disclosure of any document

relating to institutional security of a corrections facility. While the Court recognizes the legitimate safety and security concerns of the MDOC, the policies at issue are relevant to Plaintiff's claims. Therefore, the Court will direct Defendants to submit the MDOC policies D1-8.2 Truth Verification Examination – Staff and D1-8.3 Truth Verification Examination – Offender to the Court for its *in camera* review.

Plaintiff also requests the written report from all Defendants that was submitted to the shift commander prior to leaving their posts after the alleged incident. Defendants oppose the request on the grounds that this documentation is part of the Use of Force report compiled by the MDOC and is a closed record under R.S. Mo. § 217.075.1(3) ("[a]ny internal administrative report or document relating to institutional security"). Again, the Court recognizes MDOC's security concerns; however, recordings of Defendants' response as a result of the incident of September 5, 2018 are relevant to Plaintiff's claims of excessive force. Therefore, the Court will direct Defendants to submit the written report in question to the Court for its *in camera* review.

Lastly, Plaintiff moves to compel the Eastern Reception Diagnostic and Correctional Center (ERDCC) to obtain an "institutional camcorder" to "film [his] legal mail being taken from [his] person." The Court will not inject itself into matters of prison administration; prison officials are in the best position to determine necessary processes and protocols for the safe and efficient operation of their institutions. Plaintiff's motion will be denied in this regard.

**Motion for entry of default**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. When the default is established by affidavit or otherwise, the Clerk of the Court must enter the default. Fed. R. Civ. P. 55(a). Only after a defendant's default has been entered,

may a plaintiff apply for a judgment based on such default. Fed. R. Civ. P. 55(b). See <u>Johnson v.</u>
<u>Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998) and <u>Fingerhut Corp. v. Ackra Direct</u>
<u>Marketing Corp.</u>, 86 F .3d 852, 856 (8th Cir. 1996). Plaintiff requests the Court dismiss
Defendants' case for violating the Court's June 17, 2021 Order by not allowing him to take notes
of certain MDOC policies. This is not a valid basis for a motion for default judgment. Moreover,
Plaintiff's motion appears to be moot in light of Defendants' representation that they will allow
him another opportunity to review the sections of the MDOC policies directed by this Court.
Plaintiff's motion for entry of default will be denied on the merits and as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for subpoenas [86, 102, 104],
construed as a request for leave to take depositions by written questions, are **GRANTED** in
accordance with the rulings herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [98] is
**DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend complaint [109] is
**DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel [114, 120, 122] are
**GRANTED in part and DENIED in part** in accordance with the rulings herein. Defendants shall
submit the Truth Verification Examination MDOC policies for staff and offenders and the written
report submitted after the alleged incident to the Court for its in camera review **no later than**
**August 6, 2021**, and make the MDOC policies previously identified in the Court's June 17, 2021
Order accessible to Plaintiff for viewing and note-taking **no later than August 13, 2021.**

**IT IS FINALLY ORDERED** that Plaintiff's motion for entry of default [116] is **DENIED** on the merits and as moot.

Dated this 28th day of July, 2021.

_John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**