# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| QUINCY C. VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-CV-02566 JAR |
| | ) |
| THOMAS GULLETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's September 1, 2021 letter to the Court, which the Court has construed as a motion for default judgment against Defendant Travis Pacheco. (Doc. No. 147). Plaintiff seeks a default judgment against Pacheco "for not answering or responding to the issues" pertaining to his lawsuit. Plaintiff also states he has not gained access to his legal materials following his transfer from the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri to the Southeast Correctional Center in Charleston, Missouri, and has not received any notification that the Court extended his case deadlines pursuant to his recent request.

In an order entered August 27, 2021, the Court granted Plaintiff a forty-five (45) day extension of time, **up to and including October 11, 2021**, to complete his discovery. (Doc. No. 146). Because this affects the current deadline for filing dispositive motions, the Court will extend the time for filing such motions from September 22, 2021 to **November 5, 2021**.

As for Plaintiff's request for default judgment against Defendant Pacheco, pursuant to Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. When the default is established by affidavit or otherwise, the Clerk of the Court must enter the default. Fed.

R. Civ. P. 55(a). Only after a defendant's default has been entered, may a plaintiff apply for a judgment based on such default. Fed. R. Civ. P. 55(b). See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) and Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). Defendant Pacheco filed an answer to Plaintiff's amended complaint on December 10, 2020. (Doc. No. 52). Thus, Plaintiff has not asserted a valid basis for a default judgment against Pacheco.

The Court notes that in its August 27, 2021 order, it granted Plaintiff's motion to compel (Doc. No. 133) in part and directed Pacheco to respond to Plaintiff's first set of interrogatories **no later than Monday, October 11, 2021**. The Court also warned Pacheco that his failure to comply with the Court's Order could result in the imposition of sanctions against him. To the extent Plaintiff's request could be construed as a motion for imposition of sanctions against Pacheco, such request is premature.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request for default judgment against Defendant Pacheco [147] is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for filing dispositive motions in this matter is extended to **November 5, 2021**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mail a copy of this Order to Defendant Travis Pacheco at his last known address.

Dated this 8th day of September, 2021.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**