**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QUINCY C. VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-02566 JAR |
| | ) | |
| THOMAS GULLETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motions to compel. (Doc. Nos. 160, 164, 167, 174). Plaintiff asserts he is being denied access to his legal materials and supplies, without which he cannot draft his motion for summary judgment and requests a 30-day extension of time. Understanding that because of his transfer to the Southeast Correctional Center, Plaintiff may not have been able to gain access to any or all of his legal material, the Court will grant Plaintiff a 30-day extension of time to draft his legal filings in this matter and deny his motions to compel as moot.

Plaintiff also moves the Court to compel written responses to his deposition questions. The Court previously authorized Plaintiff to take depositions of seven non-party witnesses (four medical professionals and three MDOC officials) upon written questions and directed him to submit a list of questions to Defendants for each deponent together with a notice of deposition for each individual that lists his or her current address. (Doc. No. 127). Defendants mailed Plaintiff their response and objections to Plaintiff's written depositions questions and Plaintiff filed a motion to compel. (Doc. No. 164).

Defendants generally oppose Plaintiff's motion on the grounds that he has not complied

with the Court's order by filing notices of deposition for each individual or by providing current addresses for the medical professionals. Defendants also argue that Plaintiff has not complied with Fed. R. Civ. P. 31(b) by retaining an officer to facilitate the written deposition.

More specifically, Defendants argue that the three MDOC officials named in his requests for written depositions, i.e., Director Anne Precythe, Major John Doe Morgan, and Warden Vandergriff, are not represented by Defendants' counsel and have no first-hand knowledge of Plaintiff's allegations. According to Defendants, the questions provided by Plaintiff instruct Director Precythe and Major Morgan to watch security footage and answer questions about what they are watching and ask Warden Vandergriff to produce key card records. None of these questions are relevant to Plaintiff's claims and in fact demonstrate that the MDOC officials have no personal knowledge of the facts in this case. For these reasons, the Court will deny Plaintiff's motion to compel as it relates to his requests for written depositions of Director Precythe, Major Morgan, and Warden Vandergriff.

Defendants further argue the four medical professionals named in Plaintiff's requests for written depositions, Dr. John Doe Morel, Dr. Sandra Zockoff, Dr. Sandra Kavoli, and Dr. William Kenny, are not represented by Defendants' counsel and are not MDOC employees over whom they exercise control. There is nothing in the record currently before the Court that demonstrates relevance or good cause for submitting Plaintiff's questions to the doctors named above. They are nonparties to this action and have not been identified by Plaintiff as medical experts. For these reasons, the Court will deny Plaintiff's motion to compel as it relates to his requests for written depositions of Drs. Morel, Zockoff, Kavoli, and Kenny.

Plaintiff has been granted several extensions of time and the deadline for completing discovery in this case has passed. Nevertheless, the Court recognizes that because of the pandemic

and Plaintiff's transfer to SCC, there are extenuating circumstances. Therefore, the Court will give Plaintiff an additional ten days to file any evidence he has that demonstrates relevance or good cause to submit his written questions to Drs. Morel, Zockoff, Kavoli, and Kenny.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have until **Monday, February 28, 2022**, to file any evidence demonstrating relevance or good cause to submit his written questions to Drs. Morel, Zockoff, Kavoli, and Kenny.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Thursday, March 17, 2022**, to file his motion for summary judgment and his response to Defendants' motion for summary judgment.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel [160, 167, 174] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel [164] is **DENIED**.


Dated this 16th day of February, 2022.

_John A. Ross_

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**