**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QUINCY VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19CV2566 JAR |
| | ) | |
| THOMAS GULLETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Quincy Vaughn's Motion to Exclude

Testimony of Defendant's Improperly Disclosed Corporate Representative [ECF No. 236].

Defendant Thomas Gullett has responded in opposition to the Motion. For the reasons set forth

below, the Court will deny Plaintiff's Motion.

On September 12, 2019, Plaintiff filed his *pro se* Complaint in this prisoner civil rights

action and has been incarcerated for its duration. Pursuant to the Court's Order, discovery

initially closed in this matter on or about October 11, 2021. On September 29, 2022, the Court

denied Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary

Judgment. On October 20, 2022, the Court appointed Attorney Matthew Diehr as *pro bono*

counsel for Plaintiff, and Attorney Diehr entered his appearance on October 27, 2022.

After Attorney Diehr entered in this case for Plaintiff, the Court granted the parties joint

request to reopen discovery until February 20, 2023 because Plaintiff's incarceration and his lack

of legal training hampered his ability to conduct sufficient discovery. On February 17, 2023,

Plaintiff requested, with Defendant's consent, an additional thirty days to complete discovery,

which the Court granted. On March 21, 2023, Plaintiff again requested with Defendant's

consent, additional time to complete discovery. The Court granted Plaintiff's extension of time, allowing the requested forty-five days to complete discovery by May 5, 2023. Both discovery extension requests were made to complete a deposition of Plaintiff's expert, Dr. William Kinney.

On May 5, 2023, Defendant provided a proposed supplement to his Rule 26 disclosures that purports to add an unidentified "Corporate Representative" as a person "having knowledge or information of the facts giving rise to plaintiff's claims." Defendant disclosed that the corporate representative will be called to "speak to the application of the use of force policy and/or defense tactics taught by the Department of Corrections."

In the instant motion, Plaintiff argues Defendant's witness disclosure is untimely because the purpose of extending the discovery deadline was for Plaintiff to complete limited objectives that he was unable to do *pro se,* and the Court did not anticipate or grant leave for Defendant to disclose a witness out of time. Plaintiff also argues that Defendant's late witness disclosure is prejudicial because he will not have a meaningful opportunity to depose the witness and discover the substance of his or her testimony, or to seek any potential rebuttal evidence, prior to the jury trial currently scheduled on July 17, 2023.

Defendant argues Plaintiff is not prejudiced by the testimony of the corporate representative because Plaintiff's counsel is aware of the factual issues of the use of force policy and defensive tactics, which has been repeatedly discussed in the reopened discovery and the depositions of Defendant, Travis Pacheco, and Tyler Weir.

Given the unique circumstances of this case, such as the recent entry of Plaintiff's counsel and extended period of reopening discovery up until May 5, 2023, the Court finds Plaintiff will not be prejudiced by the testimony of Defendant's corporate representative and

2

allowing the witness to testify will not cause a disruption to the order and efficiency of the upcoming trial. Although untimely, Defendant's May 5, 2023 disclosure was made within the window of reopened discovery, which was requested by Plaintiff, and does not present a surprising or unanticipated topic that harms Plaintiff. *See Sellers v. Mineta,* 350 F.3d 706, 711 (8th Cir. 2003) (finding a variety of factors to consider when a witness is disclosed untimely, including, for example, the reason for the failure to list the witness, the possibility of surprise or prejudice to the party against whom the witness would testify, the extent to which allowing the witness to testify would disrupt the order and efficiency of the trial, and the importance of the witness's testimony).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Testimony of Defendant's Improperly Disclosed Corporate Representative [ECF No. 236] is **DENIED.**

Dated this 29th day of June, 2023.


                                               _____
                                               **JOHN A. ROSS**
                                               **UNITED STATES DISTRICT JUDGE**