UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINCY VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19CV2566 JAR |
| ) | |
| THOMAS GULLETT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Quincy Vaughn's Motion to Dismiss Voluntarily Without Prejudice [ECF No. 266]. On July 13, 2023, the Court held a Final Pretrial Conference in preparation for a jury trial set in this case for July 17, 2023. Initially, Plaintiff and counsel for each side appeared in the courtroom. Plaintiff's counsel asked to address the Court privately. The Court agreed with consent by Defendant's counsel. Plaintiff's counsel then informed the Court that for the first time while talking to Plaintiff that morning, he indicated that he was confused, was having mental health issues from having been in administrative segregation and did not want to go forward with his trial. Plaintiff's counsel said they intended to ask for a continuance and suggested Plaintiff may be better in a few months after he was released from administrative segregation. The Court explained to Plaintiff's counsel that because of the long history of the case, and the fact that it had been set for trial for some time, it was not inclined to grant the continuance. The Court requested that Plaintiff's counsel should relay that decision to Plaintiff. Plaintiff's attorneys requested additional time to speak with their client about the upcoming trial outside the courtroom, which the Court allowed. After Plaintiff and his attorneys spoke privately, Plaintiff's counsel returned to the courtroom. Plaintiff refused to leave

his cell and return to the courtroom. Plaintiff's attorney then made an oral motion to continue the trial, or in the alternative, to dismiss the case without prejudice. The Court denied the motion to continue the trial for reasons stated on the record. Plaintiff announced that he would file a motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41, which is now the instant motion. For the reasons set forth below, in addition to those made on the record at the Final Pretrial Conference, this case will be dismissed with prejudice for failure to prosecute based on Plaintiff's refusal to participate.

On September 12, 2019, Plaintiff filed his *pro se* Complaint in this prisoner civil rights action. After extensive discovery and motion practice, on September 29, 2022, the Court denied each sides respective summary judgment motions. On October 20, 2022, the Court appointed Attorney Matthew Diehr as *pro bono* counsel for Plaintiff. After counsel entered in this case for Plaintiff on October 27, 2022, the Court granted the parties joint request to reopen discovery, and they have been diligently working to get this case ready for trial. On April 4, 2023, with the agreement of all counsel, the Court issued its Trial Order setting the case for jury trial on July 17, 2023 at 9:00 a.m. [ECF No. 235]. Between June 27 and July 10, 2023, the parties have filed numerous briefs relating to the upcoming trial, including but not limited to their respective motions in limine, proposed jury instructions, witness lists, exhibit lists and trial briefs. Less than five days before trial was scheduled to begin, after this case's long history and voluminous filings by the parties, Plaintiff requests a continuance at the Final Pretrial Conference notifying the Court for the first time that his mental health has been affected from his current incarceration status in administrative segregation. Although Defendant did not object, the Court has an obligation to reasonably manage its docket. Further, pursuant to Federal Rule of Civil Procedure

41(a)(2), an action may be dismissed at Plaintiff's request "only by court order, *on terms that the court considers proper*" (emphasis added). Federal Rule of Civil Procedure 41(b) also allows for the dismissal of a cause of action due to Plaintiff's failure to comply with a court order or to prosecute the case. "The district's court exercise of this power is within the 'permissible range of its discretion' if there has been a clear record of delay or contumacious conduct by the plaintiff." *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 62 (8th Cir. 1988) (quoting *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986)).

This case has been pending for nearly four years and has involved extensive motion practice. The Court is aware from the filings in this case that Plaintiff has been in and out of administrative segregation during his term of incarceration. There has been no record or evidence that Plaintiff has had past or current mental health issues. In fact, the Thursday before trial was the first time any indication had been made to the Court regarding Plaintiff's mental health. There is no evidence from a mental health professional in support of any conclusion that Plaintiff has mental health problems. At the Final Pretrial Conference, Plaintiff refused to come back to the courtroom or to proceed after speaking with his attorneys. The Court questioned Plaintiff's attorneys about waiting until Monday, July 17, 2023 to proceed with the dismissal motion to give Plaintiff more time to decide if that is really what he wished to do, but his attorneys expressed that there was no likelihood that would change Plaintiff's decision. There has been no evidence that if a continuance would be granted by the Court, that Plaintiff would be ready or willing to proceed.

After several years of litigation, this case is ready to proceed to trial. Plaintiff has elected to not proceed with his day in Court, thus failing to comply with the Court's Trial Order that set

3

his jury trial on July 17, 2023. Plaintiff's attorneys were placed in a very difficult position based on Plaintiff's actions, and they are simply following his direction in filing this motion. The Court recognizes the issue of mental health and Plaintiff's wellbeing but cannot find that good cause exists to continue the trial with the long history of this case. Therefore, the Court will dismiss this case with prejudice as Plaintiff has not shown good cause to continue the case and for Plaintiff's failure to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed with prejudice for failure to follow the Court's trial procedure order and failure to proceed and prosecute the case.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of July, 2023.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**